IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**TIMOTHY RAY SHREWSBURY,**

      **Plaintiff,**

v.                                              Case No.: 5:21-cv-00576

**KILOLO KIJAKAZI,**
**Acting Commissioner of the Social**
**Security Administration,**

      **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

This action seeks a review of the decision of the Commissioner of the Social Security Administration (hereinafter "Commissioner") denying Plaintiff's application for Social Security disability benefits. The case is assigned to the Honorable Frank W. Volk, United States District Judge, and was referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 4(m) and this action be removed from the docket of the Court.

I.    **Procedural History**

On October 27, 2021, Plaintiff filed a complaint asking the Court to reverse and remand the Commissioner's decision to deny Plaintiff Social Security disability insurance benefits. (ECF No. 2). On October 28, 2021, the Clerk of Court issued an electronic

summons for service of process on the Commissioner, the Attorney General of the United States, and the United States Attorney for the Southern District of West Virginia. (ECF No. 5). According to the docket sheet, Plaintiff's counsel was notified that he could print as many copies of the electronic summonses as were necessary to effectuate service under Fed. R. Civ. P. 4 and was reminded to file returns of service as indicated on the Proof of Service page. (ECF No. 5, docket notes).

On February 1, 2022, the undersigned issued a Show Cause Order, noting that no proof of service had been filed, which suggested that Plaintiff's counsel had failed to effect service within the 90 days permitted by Fed. R. Civ. P. 4(m). (ECF No. 6). Plaintiff was ordered to show good cause on or before February 15, 2022, as to why service had not been properly effected and to provide the Court with a proposed period of time that would be appropriate for an extension of the service deadline. (*Id.*). Plaintiff was also notified that a failure to comply with the Order would result in a recommendation of dismissal for lack of service of process. (*Id.*). Six weeks have passed since entry of the Order with no response from Plaintiff.

## II.    Discussion

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice as to that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this case, Plaintiff failed to serve the Commissioner within the requisite 90 days, which expired on January 26, 2022. Accordingly, on February 1, 2022, the undersigned notified Plaintiff through a Show Cause Order that he had failed to comply with Rule 4(m). Plaintiff was given more than two weeks to explain his noncompliance and was further

given an opportunity to request additional time in which to properly serve the complaint. Plaintiff chose to ignore the Show Cause Order. He neither filed a response, nor filed returns of service. Over four months have now elapsed since the complaint was filed, yet Plaintiff has failed to demonstrate service of process and has declined to explain why service could not be completed within the allotted 90 days. Consequently, in keeping with Rule 4(m), the undersigned **FINDS** that Plaintiff has failed to timely serve the defendant, and the complaint should be dismissed, without prejudice. *See Nowlin v. Commissioner of Social Security,* No. CIV-16-899-D, 2017 WL 1380046 (W.D. Ok. March 20, 2017); *Mathews v. Commissioner of Social Security*, No. 14-14847, 2016 WL 4523575 (E.D. Mich. Aug. 30, 2016); *Bogatyi v. Commissioner of Social Security,* No. 1:11-CV-01516 LJP JLT, 2012 WL 1028029 (E.D. Cal. Mar. 26, 2012); *Alexander v. Astrue,* No. 3:06-CV-00444-ECR-RAM, 2008 WL 4388495 (D. Nev. Sept. 5, 2008).

## III. <u>Recommendations for Disposition</u>

Based on the foregoing, the undersigned United States Magistrate Judge respectfully **PROPOSES** that the presiding District Judge confirm and accept the findings herein and **RECOMMENDS** that the District Judge **DISMISS** Plaintiff's complaint, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m) and remove this action from the docket of the Court.

**Plaintiff is hereby notified** that this "Proposed Findings and Recommendations" is now **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations"

3

within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Volk and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendations" and to provide a copy of the same to counsel of record.

**FILED**: March 8, 2022

_____
Cheryl A. Eifert
United States Magistrate Judge